IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MIGUEL LIRA,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | § | Civil Action No. 2:18-cv-00021 |
| | § | |
| UNITED STATES OF AMERICA,<br>    *Defendant*. | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MIGUEL LIRA, hereinafter referred to as "Plaintiff", complaining of and about the UNITED STATES OF AMERICA, hereinafter referred to as "Defendant", and for cause of action would respectfully shows onto the Court as follows:

A. Parties

1.   Plaintiff, MIGUEL LIRA, an individual, is a resident of Eagle Pass, Maverick County, Texas.

2.   Defendant, UNITED STATES OF AMERICA, may be served with process by sending a certified copy of the summons and this complaint by certified mail to each of the following individuals:

- Mr. John F. Bash, United States Attorney for the Western District of Texas, 601 NW Loop 410, Suite 600, San Antonio, Texas 78216;

- Ms. Stephanie Rico, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 NW Loop 410, Suite 600, San Antonio, Texas 78216; **and**

- Mr. Jeff Sessions, Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

**Service of process on these individuals is requested at this time.**

### B. Jurisdiction

3.  The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the United States for property damage and personal injuries caused by the negligent acts and/or omissions of a government employee while acting within the scope of his employment.

### C. Venue

4.  Venue is proper in the Western District of Texas under 28 U.S.C. § 1402(b) because the acts and omissions complained of occurred in this district.

### D. Conditions Precedent

5.  Plaintiff timely presented this claim in writing to the United States Customs and Border Protection ("USCBP") agency. USCBP failed to make a final disposition of the claim within six months after the claim was presented.

### E. Facts

6.  On May 13, 2016, Plaintiff suffered personal injuries when he was involved in a motor vehicle collision with a vehicle owned by USCBP and driven by ERIC ALLEN ALVEAR, an employee of USCBP acting in the course and scope of his employment.

7.  On the date in question, Plaintiff was stopped in the 1800 block of W. Bob Bullock Loop in Eagle Pass, Maverick County, Texas when ERIC ALLEN ALVEAR struck Plaintiff's vehicle from behind.

### F. Federal Tort Claims Act

8.  ERIC ALLEN ALVEAR was negligent in the operation of the motor vehicle he was driving at the time of the collision. On the date in question, ERIC ALLEN ALVEAR was an employee of Defendant and was acting in the course and scope of his office or

employment. ERIC ALLEN ALVEAR had a duty to exercise ordinary care and operate the motor vehicle he was driving reasonably and prudently. ERIC ALLEN ALVEAR breached this duty in the following ways:

a. Failing to maintain a proper lookout.
b. Failing to yield the right of way.
c. Failing to turn his vehicle in an effort to avoid the collision
d. Failing to timely stop the vehicle he was operating.
e. Following too closely.

9. Under the laws of the State of Texas, a private person would be liable to Plaintiff for these acts and omissions. Under 28 U.S.C. § 2674, the United States is liable to Plaintiff for his damages resulting from the personal injuries he suffered in this collision.

## G. Damages

10. As a direct and proximate result of the negligent actions of Defendant's employee, Plaintiff has suffered the following injuries and damages:

a. Physical pain in the past and future.
b. Mental anguish in the past and future.
c. Physical impairment in the past and future.
d. Medical expenses in the past and future.
e. Loss of household services in the past and future.
f. Property damage to his vehicle.

## H. Prayer

11. For these reasons, Plaintiff asks that Defendant be cited to appear and answer and that, after trial, Plaintiff have judgment against Defendant for the following:

a. Actual damages.
b. Costs of suit.
c. Prejudgment and postjudgment interest.
d. All other relief the Court deems appropriate.

Respectfully submitted,

WATKINS & SHATTLES, P.L.L.C.
926 Chulie Drive
San Antonio, TX 78216
(210) 225-6666
(210) 225-2300 - facsimile

By: /s/ Charles Shattles
    CHARLES SHATTLES
    Texas Bar No. 24037479
    chuck@wstriallaw.com

MICHAEL MILLER
State Bar No. 00788060
mmiller@michaelmillerlaw.com
LAW OFFICES OF MICHAEL MILLER, P.C.
926 Chulie Drive
San Antonio, TX 78216
(210) 225-6666
(210) 225-2300 – facsimile

***Attorneys for Plaintiff***